IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN WESLEY MCKNIGHT, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0009 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On January 18, 2006[1], petitioner JOHN WESLEY MCKNIGHT, JR., a state prisoner confined in the Lockhart Work Facility, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges his May 13, 1999 conviction for the offense of delivery of a controlled substance out of the 100th Judicial District Court of Collingsworth County, Texas and the resultant 10-year sentence.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

---

[1] Petitioner attests his application was placed in the prison mailing system on August 18, 2006. However, this Court received said application on January 22, 2007. A metered postage stamp reflects a date of January 18, 2007, consequently, the Court will use the January 18, 2007 date as the filing date. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

I.
PROCEDURAL HISTORY

Petitioner avers he was convicted by a jury on May 13, 1999 for the offense of delivery of a controlled substance and assessed a sentence of confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for a period of ten (10) years. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on April 5, 2001, affirmed the conviction and sentence. *McKnight v. State*, No. 07-99-00339-CR. Petitioner sought review of the appellate court's decision by filing a petition for discretionary review. According to petitioner, the Texas Court of Criminal Appeals refused said petition on September 12, 2001. *Kincanon v. State* No. 0907-01. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On April 3, 2006, petitioner states he filed an application for a state writ of habeas corpus with the state trial court. A review of the Texas Court of Criminal Appeals docket shows that court received the state writ application on September 7, 2006. *Ex parte McKnight*, No. 65,040-02. Petitioner appears to argue he never received a ruling on his state writ application but review of the court's docket shows relief was denied without written order on October 11, 2006. (*Id.*). On January 18, 2007 petitioner executed the instant federal habeas application challenging his conviction and sentence.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus

by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III.
### TIME BAR

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

After the Texas Court of Criminal Appeals' refusal of petitioner's petition for discretionary review (PDR) on September 12, 2001, petitioner had ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1, 13.3 (2000).[2] Petitioner, however, failed to do so. Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his petition for a writ of certiorari, or December 11, 2001. As such, the instant federal application was due on or before December 10, 2002. Although petitioner states he filed an application for a state writ of habeas corpus on April 3, 2006, this date falls outside the limitations period and does not toll the statutory limitations period. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOHN WESLEY MCKNIGHT, JR., be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

---

[2] It appears from the Texas Court of Criminal Appeals docket that petitioner's PDR was actually refused September 10, 2001. This conflict, however, does not affect the limitations issue and the Court will use the date provided by petitioner.

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this <u>2nd</u> day of February 2007.

    _____
    CLINTON E. AVERITTE
    UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

    Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).